IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
ROBERT WILSON and            )
NEADELLA WILSON,             )
                             )
          Plaintiffs,        )
                             )
     v.                      )    1:19CV472
                             )
PNC BANK, N.A., and          )
BROCK & SCOTT, PLLC,         )
                             )
          Defendants.        )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Pro se Plaintiffs Robert Wilson and Neadella Wilson brought claims against Defendants PNC Bank, N.A. ("PNC") and Brock & Scott, PLLC ("Brock & Scott") for violations of the Fair Debt Collections Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), the Gold Repeal Act, the State of North Carolina Consumer Protection Act, and the Truth-in-Lending Act, and for slander, libel, and constructive fraud. (Doc. 3.) Defendants have filed motions to dismiss, (Docs. 8, 14), for failure to state a claim pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(4), 12(b)(5), and 12(b)(6). This matter is ripe for adjudication, and for the following reasons, the court will grant Defendants' motions.

I.   **FACTUAL HISTORY**

Pro se Plaintiffs are the beneficial owners of the Equitable Cestui Que Trust. (Complaint ("Compl.") (Doc. 3) ¶ 1.) Defendant PNC is a bank located in Pittsburgh, Pennsylvania, and organized under the laws of Pennsylvania. (Id. ¶ 7.) Defendant Brock & Scott is a North Carolina professional limited liability company ("LLC") organized with the North Carolina Secretary of State. (Def. Brock & Scott's Mem. of Law in Supp. of Mot. to Dismiss ("Brock & Scott's Br.") (Doc. 15) at 3.)

Plaintiffs allege that PNC "unlawfully appear[s]" on their credit report and has "failed to properly validate the debt," though Plaintiffs do not state what the debt is for. (Compl. (Doc. 3) ¶ 6.) Plaintiffs also allege Defendant Brock & Scott "has a reputation of filing thousands of collection lawsuits each year against consumers," such as Plaintiffs. (Id.)

It appears that PNC purchased Plaintiffs' debt and then hired Brock & Scott to assist in collecting this debt. (Id. ¶¶ 11–13.)

II.  **PROCEDURAL HISTORY**

Plaintiffs originally filed their pro se complaint in Lee County District Court, in North Carolina, on April 4, 2019. (Compl. (Doc. 3) at 1.) A single summons was issued in this

action, listing "PNC Bank, N.A., ET AL c/o Brock & Scott PLLC, ET AL" in the space marked "Name And Address Of Defendant 1." (Civil Summons (Doc. 4) at 1.) The space for "Name And Address Of Defendant 2" was left blank. (Id.)

Defendants removed the Complaint to this court pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446 on May 6, 2019. (Petition for Removal (Doc. 1).)

Defendant PNC filed a motion to dismiss the complaint, (Doc. 8)), and a memorandum in support of its motion, ("PNC's Br.") (Doc. 10)), on May 13, 2019. Defendant Brock & Scott filed its motion to dismiss and a memorandum in support of its motion on May 25, 2019, (Docs. 14, 15). Roseboro letters for Defendants' motions to dismiss were mailed to Plaintiffs on May 14, 2019, (Doc. 9), and May 28, 2019. (Doc. 16.)

As of January 2020, Plaintiffs have not responded to either motion.

III. **STANDARD OF REVIEW**

A motion to dismiss under Rule 12(b)(4) challenges the sufficiency or "form" of the process itself, while a motion to dismiss made under 12(b)(5) attacks a complaint for insufficient service of process. See Fed. R. Civ. P. 12(b)(4), (b)(5). "The plaintiff bears the burden of establishing that the service of

process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003) (citing Plant Genetic Sys., Inc. v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996)). In determining whether the plaintiff has satisfied his burden, the technical requirements of service should be construed liberally as long as the defendant had actual notice of the pending suit. Karlsson v. Rabinowitz, 318 F.2d 666, 668–69 (4th Cir. 1963). "When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984); see also Stewart v. GM Fin., Docket No. 3:19-cv-00411-FDW-DCK, 2019 WL 5850425, at *4–7 (W.D.N.C. Nov. 7, 2019) (dismissing suit because the summons was sent to the wrong office and was not directed to an officer, director, or other authorized agent); Tart v. Hudgins, 58 F.R.D. 116, 117 (M.D.N.C. 1972) (observing that a liberal interpretation of process requirements "does not mean . . . that the provisions of the Rule may be ignored if the defendant receives actual notice").

Although Plaintiffs are pro se, they are held to the same standards regarding service of process:

> The filing of a lawsuit is a serious event . . . . Service rules are structured to ensure due process and uniformity in the application of procedures which alert those receiving a corporation's mail that the enclosed lawsuit demands prompt attention. These rules apply equally to litigants proceeding with or without counsel. Service of process is not freestyle, and courts are directed not to overlook procedural deficiencies just because actual notice occurred.

Shaver v. Cooleemee Volunteer Fire Dep't, Civil Action No. 1:07cv00175, 2008 WL 942560, at *2 (M.D.N.C. Apr. 7, 2008).

## IV. ANALYSIS

### A. Failure to Respond

The Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina (the "Local Rules") govern submissions to the court. Local Rule 7.3(f) dictates that "[t]he respondent, if opposing a motion, shall file a response, including brief, within 21 days after service of the motion." Local Rule 7.3(k) states that "[i]f a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an

uncontested motion, and ordinarily will be granted without further notice."

Here, Defendant PNC filed its motion on May 13, 2019, (Doc. 8), and Defendant Brock & Scott filed its motion on May 25, 2019, (Doc. 14). Plaintiffs did not respond within 21 days after either of these motions. In fact, as of the date of this Memorandum Opinion and Order, Plaintiffs have not submitted any response. Defendants' motions, pursuant to Local Rule 7.3(k), will thus be "considered and decided as . . . uncontested motion[s]."

The court nevertheless "has an obligation to review the motions to ensure that dismissal is proper." Stevenson v. City of Seat Pleasant, 743 F.3d 411, 416 n.3 (4th Cir. 2014) (citing Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 145 (1st Cir. 2004)).

The court will thus address Defendants' motions on the merits.

**B.   Defendants' Motions to Dismiss for Insufficient Service of Process Under Rules 12(b)(4) and 12(b)(5)**

Defendants contend that Plaintiffs have yet to serve them properly pursuant to Rule 12(b)(4) and (b)(5). (PNC's Br. (Doc. 10) at 5; Brock & Scott's Br. (Doc. 15) at 3.)

The proper methods of service on corporations, partnerships, or associates are to either (1) "deliver[] a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process," or (2) follow the state law rules for effecting service. Fed. R. Civ. P. 4(h)(1). Looking to the North Carolina Rules of Civil Procedure, a plaintiff must serve process on a corporation in one of the following ways:

> a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office.
>
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
>
> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.
>
> d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt. As used in this sub-

subdivision, "delivery receipt" includes an electronic or facsimile receipt.

N.C. Gen. Stat. § 1A-1, Rule 4(j)(6). Thus, under either federal or state rules, service must be made upon "an officer, director, or managing agent," or "any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1); N.C. Gen. Stat. § 1A-1, Rule 4(j)(6).

Here, Plaintiffs served PNC by sending an envelope addressed to "PNC Bank, N.A., et al. c/o Brock & Scott, PLLC, et al., 5431 Oleander Drive, Suite 200, Wilmington, North Carolina 28403." (Civil Summons (Doc. 4).) It appears Plaintiffs got this address from a notice Brock & Scott sent to Plaintiffs notifying them that their loan was in foreclosure. (See Compl. (Doc. 3) at 6.)

PNC contends that Brock & Scott is "not an officer, director, managing agent, member of the governing body, or an agent with authority to accept service on behalf of PNC," and therefore Plaintiffs failed to properly serve PNC. (PNC's Br. (Doc. 10) at 5.) Because Plaintiffs bear the burden of proving that process has been executed in accordance with Fed. R. Civ. P. 4, Elkins, 213 F.R.D. at 275, and Plaintiffs have not submitted any response or evidence to meet this burden, the

court will grant PNC's motion to dismiss pursuant to Rule 12(b)(5).

Brock & Scott argues that Plaintiffs' summons is deficient because the summons does not list Brock & Scott separately as a defendant and the summons is addressed to an incorrect address. (Brock & Scott's Br. (Doc. 15) at 2-3.) The court agrees.

There was only one summons issued, and Plaintiffs only filled in one of the two boxes listed for possible defendants, listing PNC Bank, N.A., first. (Civil Summons (Doc. 4) at 1.) Brock & Scott is listed after "c/o," which typically denotes the place where or in whose care the addressee should receive a mailing. See *Care Of*, Oxford English Dictionary (2d ed. 1989). A plaintiff may use "c/o" before the names of the designated officer, director, or agent in effectuating service on corporations. See Fed. R. Civ. P. 4(h)(1); N.C. Gen. Stat. § 1A-1, Rule 4(j)(6); United States ex rel. Metromont Corp. v. S.J. Constr., Inc., No. 1:09CV745, 2010 WL 2793919, at *3-4 (M.D.N.C. July 15, 2010) ("FedEx delivered one set of materials to 'c/o an Officer, Director, or Managing Agent' [of the defendant]."). Further, merely being listed as one who should receive process on behalf of a defendant does not make that entity a defendant as well. Cf. Elliott v. Am. States Ins. Co.,

883 F.3d 384, 391–92 (4th Cir. 2018) (distinguishing between service effected on a statutory agent versus on the defendant).

"[N]otice satisfies due process where it . . . 'is in itself reasonably certain to inform those affected.'" Snider Int'l Corp. v. Town of Forest Heights, 739 F.3d 140, 146 (4th Cir. 2014) (quoting Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 315 (1950)). Even if Plaintiffs intended to sue Brock & Scott, (see, e.g., Compl. (Doc. 3) ¶¶ 5, 7, 8, 13), the summons was not "in itself reasonably certain to inform" Brock & Scott that it was a defendant in a lawsuit. Between failing to separately list out Brock & Scott in the next box over designated for "Defendant 2" and Plaintiffs only issuing one summons primarily addressed to PNC, the summons could not reasonably give Brock & Scott notice that they were being sued and not merely being used as an agent for effecting service on PNC. Cf. James v. Univ. of N.C. Health Care Hosp., 1:18CV339, 2018 WL 4518700, at *4 (M.D.N.C. Sept. 20, 2018) (dismissing an action when the plaintiff named "University of North Carolina Health Care Hospital" instead of "University of North Carolina Health Care System" as a defendant). The court therefore finds Brock & Scott's motion under Rule 12(b)(4) will be granted because the summons is insufficient.

Brock & Scott further contends that Fed. R. Civ. P. 4 and N.C. Gen. Stat. § 1A-1, Rule 4(j)(6)(a)-(d) were not met here, because "Plaintiff mailed the Summons and the Complaint to a different address for Brock & Scott and did not address it to an officer, director, or managing agent." (Brock & Scott's Br. (Doc. 15) at 5.) The court agrees.

Plaintiffs failed to direct service to Brock & Scott's registered agent, CT Corporation System; that information is publicly available on the Secretary of State's website. Accordingly, Plaintiffs' service with regard to Brock & Scott is defective on its face. See Felder v. Duke Energy Carolinas, LLC, Civil Action No. 3:16-CV-00856-RJC-DSC, 2018 WL 3381435, at *1 (W.D.N.C. Mar. 22, 2018); see also Shaver, 2008 WL 942560 (dismissing complaint when the plaintiff failed to direct service to any "officer, director or agent"); Adams v. GE Money Bank, No. 1:06CV00227, 2007 WL 1847283, at *2-3 (M.D.N.C. June 25, 2007) (same). Because Plaintiffs failed to properly serve Brock & Scott, the court lacks personal jurisdiction over Brock & Scott, and Brock & Scott's motion to dismiss under Rule 12(b)(5) will be granted. See Green v. Brock & Scott, PLLC, Civil Action No. 3:19-CV-00075-KDB, 2019 WL 3783309, at *3 (W.D.N.C. Aug. 12, 2019).

Plaintiffs have failed to respond to the instant motions to dismiss and there is no indication in the record that Plaintiffs have attempted to effectuate proper service on Defendants. Accordingly, Plaintiffs have failed to properly serve Defendants and, therefore, Plaintiffs' claims against Defendants will be dismissed pursuant to Rule 12(b)(4) and (b)(5).

## V. CONCLUSION

Because Plaintiffs failed to serve Defendants in accordance with Federal Rule of Civil Procedure 4 and failed to state a claim, this court finds that Defendants' motions to dismiss should be granted pursuant to Rules 12(b)(4) and 12(b)(5).

**IT IS THEREFORE ORDERED** that Defendants' Motions to Dismiss, (Docs. 8, 14), are **GRANTED** and that this case is **DISMISSED**.

A judgment consistent with Memorandum Opinion and Order will be entered contemporaneously herewith.

This the 9th day of March, 2020.

_____
United States District Judge